IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GRACE SALAKO SMITH FOR           §
ESTATE OF WILLIE E. SMITH        §
(DECEASED),                      §
                                 §
          Plaintiff,             §
                                 §
V.                               §          No. 3:26-cv-1802-S-BN
                                 §
SELECT PORTFOLIO SERVICES,       §
                                 §
          Defendant.             §

**MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCY**

Plaintiff Grace Salako Smith for Estate of Willie E. Smith (deceased) filed a

*pro se* lawsuit in a Dallas County, Texas state court (apparently to prevent a

foreclosure) – and, based on the Court's diversity subject-matter jurisdiction,

Defendant Select Portfolio Services ("SPS") removed, alleging in the notice of removal

that it "is a Utah corporation with its principal place of business in Utah" and that,

based on the state court petition, "Plaintiff is a citizen of the State of Texas as she

resides in and is domiciled in the state of Texas." Dkt. No. 1 (cleaned up).

United States District Judge Karen Gren Scholer referred the removed lawsuit

to the undersigned United States magistrate judge for pretrial management under

28 U.S.C. § 636(b) and a standing order of reference.

Upon the Court's review of the docket, the notice of removal does not distinctly

and affirmatively show that the Court possesses subject-matter jurisdiction.

"Jurisdiction is power to declare the law, and when it ceases to exist, the only

function remaining to the court is that of announcing the fact and dismissing the

cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

And, so, a court "must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citation omitted).

Jurisdiction under Section 1332 requires that each plaintiff's citizenship be diverse from each defendant's citizenship. *See* 28 U.S.C. § 1332(a).

And, "when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (per curiam) (cleaned up; quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

Here, it seems plausible that the plaintiff may not be Ms. Smith but an estate. And, if that's the case, the allegations in the notice of removal in support of the plaintiff's citizenship – that Plaintiff "resides in and is domiciled in the state of Texas" – do not distinctly allege the plaintiff's citizenship where the "[c]itizenship of an estate is based on 28 U.S.C. § 1332(c)(2), which states that the legal representative of an estate is deemed to be a citizen only of the same state as the decedent." *Mitchell Law Firm, LP v. Bessie Jeanne Worthy Revocable Tr.*, No. 3:16-cv-2582-M, 2020 WL 1906093, at *2 (N.D. Tex. Apr. 16, 2020) (collecting cases).

Before taking further action in this case, the Court therefore requires SPS, as the party invoking the Court's jurisdiction through removal, to, by **July 6, 2026**, amend its notice of removal to address the concerns set out above.

Failure to do so could require remand for lack of subject-matter jurisdiction.

- 3 -

*See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *accord Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).

SO ORDERED.

DATE: June 5, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE