IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACE SALAKO SMITH FOR ESTATE OF WILLIE E. SMITH (DECEASED), | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:26-cv-1802-S-BN |
| SELECT PORTFOLIO SERVICES, | § § | |
| Defendant. | § | |

**SECOND MEMORANDUM OPINION AND
ORDER NOTICING DEFICIENCY**

Your case doesn't belong here. Or, more precisely, your case probably doesn't belong in federal court.

Of course, plenty of cases are properly filed in or removed to federal court. But that opening line is a rather casual (and somewhat overstated and overinclusive) way to express the core principles that "[f]ederal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute" and that "[i]t is to be presumed that a [suit] lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Several more rules and requirements follow from this:

- "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* That is, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

2001) (per curiam) (cleaned up). And, in a case removed from state court, the removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

- Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

- "Without jurisdiction [a federal] court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up). So, "jurisdiction be established as a threshold matter" in any case filed in or removed to federal court, which requirement that "spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* at 94-95 (cleaned up). And "[f]ederal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "For a court to pronounce upon [the merits] when it has no jurisdiction to do so … is ... for a court to act ultra vires." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (cleaned up).

- As a result, any federal court has an independent duty to ensure that there is subject-matter jurisdiction. *See id.* at 583-84. "A defect in the district court's subject matter jurisdiction ... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf*

*Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987).

- And, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss" an action that was originally filed in federal court. FED. R. CIV. P. 12(h)(3). And, in a case was removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). And, so, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

- Likewise, statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Against this backdrop, Plaintiff Grace Salako Smith for Estate of Willie E. Smith (deceased) filed a *pro se* lawsuit in a Dallas County, Texas state court (apparently to prevent a foreclosure) – and, based on the Court's diversity subject-matter jurisdiction, Defendant Select Portfolio Services ("SPS") removed, alleging in the notice of removal that it "is a Utah corporation with its principal place of business in Utah" and that, based on the state court petition, "Plaintiff is a citizen of the State

of Texas as she resides in and is domiciled in the state of Texas." Dkt. No. 1 (cleaned up).

And, because, upon the Court's review of the docket, the initial notice of removal did not distinctly and affirmatively show that the Court possesses subject-matter jurisdiction, the Court entered a memorandum opinion and order regarding this deficiency that allowed SPS to amend its notice of removal. *See* Dkt. No. 5.

SPS then filed an amended notice of removal. *See* Dkt. No. 6.

But SPS needs to try again, again.

Regardless of whether the true plaintiff is Ms. Smith or the estate, SPS still fails to allege either's citizenship "distinctly and affirmatively." *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (per curiam) (cleaned up; quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

That's because all SPS has alleged is that residence equals domicile. *See* Dkt. No. 6 at 2-3 ("Plaintiff has either sued in her individual capacity or as representative of the estate of Willie E. Smith (Deceased). Either way, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. Plaintiff in her individual capacity is a citizen of the State of Texas as she resides in and is domiciled in the state of Texas. Plaintiff, to the extent she is suing in her capacity as representative of the Estate of Willie E. Smith, is also a citizen of Texas for diversity purposes since Willie E. Smith was, on information and belief, domiciled in the state court Texas at the time of his death…. Willie Smith, who is now deceased, was domiciled in Texas at the time of his death. Accordingly, Plaintiff, either individually or as Representative of the Estate of Willie

Smith, is a citizen of Texas for purposes of diversity jurisdiction." (cleaned up)).

And, "[w]hile it may be sufficient to allege jurisdiction on information and belief in the nascency of litigation or where the party asserting jurisdiction is unable to ascertain jurisdictional facts with reasonable certainty," *PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 576 (5th Cir. 2025), the amended notice of removal still lacks factual assertions sufficient to allege Plaintiff's citizenship where, "[f]or natural persons, [28 U.S.C.] § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home," *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

> For example,
>
> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

And, so, "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam).

Before taking further action in this case, the Court therefor requires SPS, as

the party invoking the Court's jurisdiction through removal, to further amend its notice of removal, by **July 22, 2026**, to address the deficiencies set out above.

And SPS is again cautioned that, where a removing party fails to properly allege subject-matter jurisdiction through its notice of removal, the Court is required to remand. *See* Dkt. No. 5 at 2-3 (citing 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)).

SO ORDERED.

DATE: July 13, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE